IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA AMAYA**, | : | CIVIL ACTION NO. 1:04-CV-1081 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **YORK HOSPITAL**, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is plaintiff's motion in limine (Doc. 25) to preclude the testimony and report of defendants' economic expert, James D. Rogers, Ph.D. ("Dr. Rogers"), who was not identified until December 14, 2005, almost four months after the defendants' expert deadline and eleven business days before jury selection and trial. For the reasons that follow, the court will grant plaintiff's motion and exclude at trial the testimony and expert report of Dr. Rogers.

Under the Federal Rules of Civil Procedure, parties must disclose expert testimony at the times and in the sequences specified by the court. See FED. R. CIV. P. 26(a)(2)(C). The court may impose sanctions, including the exclusion of evidence, for failure to comply with the expert disclosure requirements. See FED. R. CIV. P. 37(c). The Court of Appeals for the Third Circuit has identified the following factors to consider in determining whether to exclude an expert witness who was not identified timely: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted

witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; (4) bad faith or wilfulness in failing to comply with the district court's order;" and (5) the importance of the witness.[1]  Quinn v. Consol. Freightways Corp. of Del., 283 F.3d 572, 577 (3d Cir. 2002) (citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)).

In the matter *sub judice*, plaintiff is unquestionably prejudiced by the late identification of Dr. Rogers.  Defendants did not inform plaintiff that they would be producing an economic expert until November 10, 2005—nearly three months *after* the defendants' expert report deadline.  (See Doc. 30, Ex. A.)  Further, this notice only informed plaintiff that an economic expert report was forthcoming; it did not inform plaintiff of the name of the expert or the expert's expected conclusions.[2]  To admit such evidence as produced at this late date would require plaintiff to investigate Dr. Rogers' background and qualifications and to prepare herself, and her expert witnesses, for cross-examination and rebuttal of Dr. Rogers.

---

[1] Defendants do not argue that Dr. Rogers' testimony or report is critical to their case; to the contrary, defendants intimate that their economic issues can be adequately addressed through cross-examination of plaintiff's economic expert. (See Doc. 30, Ex. A.)

[2] Defendants' contention that plaintiff faces no surprise or prejudice because the expert report is primarily mathematical, using potential damage amounts in its Life Care Plans and in plaintiff's economic wage loss report, is unconvincing.  (See Doc. 30 at 1-3.)  While plaintiff may not have to prepare for a new defense theory on liability, causation, or damages, plaintiff still faces prejudice by the need to respond to a new expert witness and report.

Despite defendants' assertion to the contrary, the court is not convinced that plaintiff is in a position to cure such prejudice before trial. With just under three weeks before jury selection and trial,[3] plaintiff's focus is necessarily on trial preparation, not on preparing for a new expert witness identified nearly four months after the expert deadline.

Although defendants indicate that there is no request to continue or delay the trial (see Doc. 30 at 4), plaintiff's ability to cure the prejudice would necessitate such a continuance and disrupt the court's schedule. Plaintiff commenced this case on May 17, 2004 and the jury selection, trial date, and other deadlines have already been continued several times—the initial jury selection and trial date was June 6, 2005. (See Docs. 11, 12, 14, 16, 17.) The court will not permit defendants' belated production of an expert witness to disrupt the court's schedule. To do so would encourage such violations on the eve of trial.

The court also finds that defendants' actions involve a "flagrant disregard of a court order" by defendants. See Quinn, 283 F.3d at 576 (providing that the exclusion of critical evidence should not normally be imposed "absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence."). The order of court dated April 15, 2005 (Doc. 14) provided that

---

[3] Importantly, this time period encompasses the holiday season, which further hinders plaintiff's ability to cure the prejudice before trial. As previously noted, plaintiff had only eleven business days to respond to Dr. Rogers' expert report.

defendants' expert reports were due by August 15, 2005.[4]  On August 10, 2005, defendants requested, and were granted, an enlargement of time to file the expert report of Daniel Hanley, M.D. ("Dr. Hanley").  (See Docs. 15-16.)  Notably, defendants did *not* request an enlargement of time to file an economic expert report, although defendants were clearly aware that plaintiff intended to present an economic expert at trial.[5]

Likewise, defendants offer *no* explanation for the belated economic expert report.  See Perkasie Indus. Corp. v. Advance Transformer, Inc., 143 F.R.D. 73, 76 (E.D. Pa. 1992) ("In reference to the [bad faith or wilfulness] factor, the court notes the conspicuous absence of an explanation . . . for [the] failure to comply with the court's [order].").  After receiving plaintiff's economic expert report in March 2005, defendants had ample time to produce their own by the August 15, 2005 deadline.  If defendants were unable to meet this deadline, defendants should have requested an enlargement of time, as they did for the expert report of Dr. Hanley.  Defendants' notification *to plaintiff* that an economic expert report was forthcoming, communicated nearly three months after defendants' expert report deadline, does not constitute a request for an enlargement of time or provide justification for their belated economic expert report.  Without any explanation, the court finds that

---

[4] Plaintiff's expert reports were due by July 13, 2005 (see Doc. 14) and plaintiff sent its economic expert report to defendants on March 23, 2005 (see Doc. 25, Ex. D).

[5] See supra note 4.

defendants willfully failed to comply with the court's order regarding expert report deadlines. The court also finds that the importance of defendants' proffered expert does not outweigh the resulting prejudice to plaintiff.[6]

Because defendants willfully disregarded an order of court, without justification, and because plaintiff will be unable to cure the resulting prejudice by the time of trial, the court will grant plaintiff's motion and exclude at trial the testimony and expert report of Dr. Rogers.

An appropriate order will issue.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     December 28, 2005

---

[6] See supra note 1.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA AMAYA**, | : | CIVIL ACTION NO. 1:04-CV-1081 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **YORK HOSPITAL**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 28th day of December, 2005, upon consideration of plaintiff's motion in limine (Doc. 25), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion in limine (Doc. 25) is GRANTED.

2. Defendants shall not be permitted to introduce at trial the testimony or expert report of James D. Rogers, Ph.D.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge