## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA AMAYA**, | : | **CIVIL ACTION NO. 1:04-CV-1081** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **YORK HOSPITAL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the court is defendants' motion in limine (Doc. 18) to
preclude plaintiff from offering:  (1) expert testimony of Eric M. Wassermann, M.D.
("Dr. Wassermann") regarding the standard of care for the administration of Tissue
Plasminogen Activator ("tPA") by a board-certified emergency medicine physician;
(2) statements, positions, or practice guidelines from any non-emergency medical
care society by expert Ira Mehlman, M.D. ("Dr. Mehlman") for the purpose of
establishing the standard of care of a board-certified emergency medicine
physician; and (3) evidence of future medical expenses that will be covered by
Medicare.  For the reasons that follow, the court will deny the motion in part and
defer rendering a decision in part until trial.

I.     **Dr. Wassermann's Expert Testimony**

Defendants' motion in limine seeks to exclude Dr. Wassermann's testimony

regarding the standard of care for the administration of tPA by a board-certified

emergency medicine physician.[1]  In a medical malpractice case under Pennsylvania

law,[2] plaintiff must provide a medical expert to testify to the applicable standard of

care.[3]  See Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003); see also Miville v.

Abington Mem'l Hosp., 377 F. Supp. 2d 488, 491 (E.D. Pa. 2005).  Under section

512(c) of the Pennsylvania Medical Care Availability and Reduction of Error Act

("MCARE"), an expert must meet the following qualifications to be competent to

testify as to the applicable standard of care:

---

[1] Defendants challenge only Dr. Wassermann's competency to testify to the applicable standard of care under section 512(c) of the Pennsylvania Medical Care Availability and Reduction of Error Act ("MCARE"), 40 PA. CONS. STAT. ANN. § 1303.512(c) (West 2003).  Defendants do not challenge Dr. Wassermann's designation as an expert under the Federal Rules of Evidence or his ability to testify to matters outside the applicable standard of care (e.g., causation and nature and extent of the injury), see id. § 1303.512(b).

[2] Jurisdiction over the instant action is based on diversity of citizenship, see 28 U.S.C. § 1332, and neither party disputes the applicability of Pennsylvania law to plaintiff's medical malpractice claims, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); Compagnie des Bauxites de Guinee v. Argonaut-Midwest Ins. Co., 880 F.2d 685, 688-89 (3d Cir. 1989).

[3] An expert is not required to testify to the standard of care only "where the matter is so simple or the lack of skill or care is so obvious as to be within the range and experience and comprehension of even non-professional persons."  Miville v. Abington Mem'l Hosp., 377 F. Supp. 2d 488, 491 n.2 (E.D. Pa. 2005) (citing Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997)).  Neither party contends that this exception applies.

> (1)     Be substantially familiar with the applicable standard of care for the specific care at issue as of the time of the alleged breach of the standard of care.
>
> (2)     Practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue . . . .
>
> (3)     In the event the defendant physician is certified by an approved board, be board certified by the same or a similar approved board . . . .

40 PA. CONS. STAT. ANN. § 1303.512(c) (West 2003).[4]  An exception to sections 512(c)(2) and (3) exists where a physician "possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in or full-time teaching of medicine in the applicable subspecialty or a related field of medicine within the previous five-year time period."  40 PA. CONS. STAT. ANN. § 1303.512(e).[5]

Defendants contend that, under section 512(c)(2) of MCARE, Dr. Wassermann is not competent to testify regarding the standard of care because he is a neurologist, not an emergency department physician or resident like defendants.  Defendants also contend that Dr. Wassermann does not satisfy the requirements of section 512(c)(3) of MCARE or its exception because he is not board-certified in emergency medicine.

---

[4] Section 512 of MCARE applies in this federal diversity action to determine the competency of expert witnesses.  See Miville, 377 F. Supp. 2d at 493.

[5] Section 512(d) of MCARE also provides an exception to the requirements of section 512(c)(2).  This exception, however, does not apply in the instant action because neither party contends that defendants provided care outside their specialties or competence.  See 40 PA. CONS. STAT. ANN. § 1303.512(d).

Defendants' contentions have threshold merit.  Plaintiff has presented

insufficient information to enable the court to determine with any degree of

certainty whether Dr. Wassermann satisfies sections 512(c)(2) and (3) of MCARE.

Plaintiff has not shown that Dr. Wassermann practices in a "subspecialty which has

a substantially similar standard of care for the specific care at issue."[6] 40 PA. CONS.

STAT. ANN. § 1303.512(c)(2).  Nor has plaintiff presented any evidence that board-

certification in neurology is similar to board-certification in emergency medicine,

see 40 PA. CONS. STAT. ANN. § 1303.512(c)(3), or that Dr. Wassermann "possesses

sufficient training, experience and knowledge" and satisfies the requirements of the

exception in section 512(e) of MCARE.  The court is not convinced, however, that

exclusion of the challenged evidence is warranted at this juncture.[7]  To the extent

that plaintiff seeks to elicit standard of care testimony from Dr. Wassermann, on

---

[6] Plaintiff asserts, convincingly, that neurology plays a large role in the treatment of strokes and defendants do not argue that the specific care at issue—the administration of tPA—is specific to emergency medicine only.  See Miville, 377 F. Supp. 2d at 494.  The court, however, will defer until trial its determination of whether Dr. Wassermann practices in a "subspecialty which has a substantially similar standard of care for the specific care at issue" thereby satisfying section 512(c)(2) of MCARE.

[7] Although plaintiff's offer Dr. Wassermann's curriculum vitae, the court finds it insufficient to render a determination on this issue.  See Smith v. Paoli Mem'l Hosp., 885 A.2d 1012, 1018 n.2 (Pa. Super. Ct. 2005) ("We stress [that] we do not condone the practice of relying solely on an expert's curriculum vitae when determining whether he or she is competent to testify.  Rather, the better practice is for trial courts to take evidence directly from the expert before ruling on the issue.").

direct or in rebuttal to defendants' expert,[8] the court will defer the determination

until trial of whether Dr. Wassermann satisfies sections 512(c)(2) and (3) of MCARE,

or its exceptions.

The court would be remiss if it did not observe that defendants' own expert

witness, Daniel F. Hanley, M.D. ("Dr. Hanley"), like Dr. Wassermann, is a

neurologist, does not practice in emergency medicine, and is not board-certified in

emergency medicine. (See Doc. 22, Ex. A, Curriculum Vitae.) Nevertheless,

defendants contemplate Dr. Hanley as an expert witness on the applicable standard

of care. (See Doc. 22 at 6 ¶ 3.) Although plaintiff has not challenged Dr. Hanley's

competency to testify as to the applicable standard of care, the court will permit

plaintiff to offer such a challenge at trial. If plaintiff challenges Dr. Hanley's

competency, defendants shall proffer evidence, prior to any testimony by Dr.

Hanley regarding the applicable standard of care, that Dr. Hanley satisfies sections

512(c)(2) and (3) of MCARE, or its exceptions.

---

[8] Plaintiff asserts that Dr. Wassermann will testify as an expert on causation
and that his opinion on the standard of care is only a rebuttal to defendants' expert,
Daniel F. Hanley, M.D. (See Doc. 24 at 3.) Without the benefit of its trial context,
the court notes that causation testimony may be inextricably tied to the applicable
standard of care. Moreover, whether Dr. Wassermann testifies as to the applicable
standard of care on direct or in rebuttal, the court must first deem him competent
to testify to such matters under section 512(c) of MCARE. To allow an expert to
testify to the standard of care in rebuttal only, without first satisfying the
qualifications of section 512(c) of MCARE, would provide all parties with the means
to circumvent the strict requirements of MCARE.

## II.     Non-Emergency Medicine Statements, Positions, or Practice Guidelines

Defendants' motion in limine seeks to preclude Dr. Mehlman from offering

statements, positions, or practice guidelines from any non-emergency medical care

society for the purpose of establishing the standard of care of a board-certified

emergency medicine physician.  Defendants contend that section 512(c) of MCARE

"clearly sets forth that standard of care *testimony* must be specific to the specialists'

training, experience and board-certification."  (Doc. 19 at 9 (emphasis added).)  This

section, however, specifies the *qualifications* required for an expert to be deemed

competent to testify regarding the applicable standard of care.  See 40 PA. CONS.

STAT. ANN. § 1303.512(c).  It does not limit the *content* of the testimony of such an

expert.  Hence, the court will deny defendants' motion in limine on this issue.[9]

## III.     Future Damages Evidence

Defendants' motion in limine seeks to exclude any evidence of future medical

expenses that will be covered by Medicare.  Defendants contend that allowing

evidence of future expenses covered by Medicare will result in a windfall to plaintiff

and expose defendants to a risk of double payment—payment to plaintiff and

reimbursement, under the Medical Care Recovery Act, to the government for

---

[9] This ruling does not preclude defendants from challenging Dr. Mehlman's
opinions on these subjects during cross-examination.

Medicare expenses for plaintiff's injury.  Defendants' argument is unconvincing and lacking in legal support.[10]

Under MCARE, a plaintiff may recover past and future damages.  See 40 PA. CONS. STAT. ANN. § 1303.509.  While MCARE precludes a plaintiff "from recovering damages for *past* medical expenses or *past* lost earnings" that were "covered by a private or public benefit," id. § 1303.508(a) (emphasis added), importantly, it does not contain a similar *future* damages preclusion rule.  Indeed, limiting future damages by amounts that *may* be covered in the future by Medicare risks a shortfall to plaintiff.  Therefore, the court will deny defendants' motion in limine regarding the exclusion of any evidence of future medical expenses that may be covered by Medicare.

## IV.   Conclusion

Because plaintiff has provided insufficient evidence for the court to determine whether Dr. Wassermann is competent to testify as to the applicable standard of care under section 512(c) of MCARE, the court will defer its

---

[10] Defendants do not cite to any authority for their novel contention that they will be required, under the Medical Care Recovery Act ("MCRA"), 42 U.S.C. §§ 2651-2653, to reimburse the government for future Medicare expenses related to plaintiff's injury.  Indeed, authority exists for the opposite conclusion.  See United States v. Philip Morris Inc., 116 F. Supp. 2d 131, 140 (D.D.C. 2000) ("Congress did not intend MCRA to cover Medicare or [Federal Employees Health Benefits Act] expenses."); see also In re Diet Drugs Products Liab. Litig., Nos. MDL 1203, CIV.A. 99-20593, 2001 WL 283163, at *7 (E.D. Pa. Mar. 21, 2001) ("The court concludes that under recent caselaw, it is highly unlikely that the Government can recover for benefits provided to class members pursuant to Medicare or the Federal Employees' Health Benefit Act.").

determination of this issue until trial.  As Dr. Mehlman's use of statements,

positions, or practice guidelines from non-emergency medical care societies does

not affect his competency to testify regarding the applicable standard of care, the

court will deny defendants' motion in limine to exclude such testimony.  Finally, the

court will deny defendants' motion in limine seeking the exclusion of evidence of

future medical expenses covered by Medicare because there is no authority for such

exclusion under Pennsylvania law.

      An appropriate order will issue.


                  /s/ Christopher C. Conner
                CHRISTOPHER C. CONNER
                United States District Judge

Dated:      January 3, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA AMAYA**, | : | **CIVIL ACTION NO. 1:04-CV-1081** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **YORK HOSPITAL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 3rd day of January, 2006, upon consideration of defendants'

motion in limine (Doc. 18), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.   The motion in limine (Doc. 18) is DENIED with respect to defendants'
     request to preclude Ira Mehlman, M.D. from offering statements,
     positions, or practice guidelines from any non-emergency medical care
     society for the purpose of establishing the standard of care and to
     exclude any evidence of future medical expenses that will be covered
     by Medicare.

2.   The court will defer its determination until trial of whether Eric M.
     Wassermann, M.D. is competent to testify regarding the applicable
     standard of care.[11]  <u>See</u> 40 PA. CONS. STAT. ANN. § 1303.512(c).

                                   _/s/ Christopher C. Conner___
                                   CHRISTOPHER C. CONNER
                                   United States District Judge

---

[11] <u>See</u> <u>supra</u> page 5 (noting the potential challenge to the competency of
defendants' expert, Daniel F. Hanley, M.D.).